# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| VERNON SHYVERS,<br><br>       **Plaintiff,**<br><br>v.<br><br>WH VIRGINIA STATION SHOPPING CENTER, LLC, a Georgia Limited Liability Company, and EXCALIBUR INVESTMENTS, LLC, a Georgia Limited Liability Company,<br><br>       **Defendants.** | 1:17-cv-1133-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Excalibur Investments, LLC's ("Defendant") Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for a More Definite Statement [12] (the "Motion to Dismiss").

**I.    BACKGROUND**

Plaintiff Vernon Shyvers is an individual residing in Lauderhill, Florida. He is a paraplegic and uses a wheelchair to ambulate. ([7] ¶ 5). Defendants own the Virginia Station Shopping Center located at 1640 Virginia Ave., College Park, Georgia (the "Shopping Center"). ([7] ¶ 2, 8). Plaintiff alleges that he frequently visits East Point, Georgia with family and friends, including his sister, and "has

visited the Defendant's shopping center numerous times in the past, and intends to visit the subject facility in the near future." ([7] ¶ 6). Plaintiff does not describe any of his alleged visits to the Shopping Center. Plaintiff states that he "desires to visit [the] shopping center not only to avail himself of the goods and services available at the property but to assure himself that this property is compliant with the [Americans with Disabilities Act]." ([7] ¶ 9).

Plaintiff alleges that the Shopping Center is a place of public accommodation as defined by the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (the "ADA"). He outlines twenty-one alleged violations which he "personally encountered or observed" regarding "general sites and building elements," accessible routs, and the Bole Ethiopian Restaurant. ([7] ¶ 11).

On March 29, 2017, Plaintiff filed his complaint for injunctive relief [1]. On May 22, 2017, Plaintiff filed his fourteen-page Amended Complaint [7] seeking injunctive relief, attorney's fees, litigation expenses, and costs, for purported violations of the ADA.

On July 6, 2017, Defendant filed its Motion to Dismiss [12]. Defendant moves to dismiss on the grounds that Plaintiff lacks standing because there is no likelihood of future injury to Plaintiff. Defendant alternatively moves to dismiss the Amended Complaint for lack of specificity under Rule 12(b)(6), and under

Rule 12(e) for Plaintiff to provide a more definite statement because, Defendant argues, the allegations in the Amended Complaint are so vague and ambiguous that Defendant cannot frame a responsive pleading.

## II. DISCUSSION

### A. Article III Standing Under the ADA

"Standing is a doctrine that stems directly from Article III's 'case or controversy' requirement, and thus it implicates [a court's] subject matter jurisdiction." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (internal quotations omitted). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." Id.

"In Lujan, the Supreme Court held that a party seeking to invoke the subject matter jurisdiction of a federal court must satisfy three constitutional prerequisites of standing." DiMaio v. Democratic Nat. Comm., 520 F.3d 1299, 1301-02 (11th Cir. 2008) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). First, a plaintiff must show that he has suffered an "injury-in-fact." Lujan, 504 U.S. at 560. Second, the plaintiff must demonstrate a causal connection between the asserted injury-in-fact and the challenged action of the defendant. Id. Third, the plaintiff must show that "the injury will be redressed by a favorable decision." Id. at 561 (citations and internal quotations omitted). "These requirements are the

irreducible minimum required by the Constitution for a plaintiff to proceed in federal court." Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001) (quotations omitted).

A litigant seeking injunctive relive faces an additional inquiry. "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." Shotz, 256 F.3d at 1081 (citing Wooden v. Board of Regents of University System of Georgia, 247 F.3d 1262, 1284 (11th Cir. 2001)).

"In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." Shotz, 256 F.3d at 1081. "In the ADA context, our standing inquiry has focused on the frequency of the plaintiff's visits to the defendant's business and the definitiveness of the plaintiff's plan to return." Silva v. Baptist Health S. Florida, Inc., 856 F.3d 824, 832 (11th Cir. 2017). "Absent an allegation that he intends to return to the public accommodation, an ADA plaintiff fails to demonstrate this 'irreducible minimum' and thus lacks standing to sue for injunctive relief." Access Now, Inc. v. S. Florida Stadium Corp., 161 F. Supp. 2d 1357, 1364 (S.D. Fla. 2001). On a defendant's

motion to dismiss a court must evaluate standing based on the facts alleged in the complaint, and "may not speculate concerning the existence of standing or piece together support for the plaintiff." Shotz, 256 F.3d at 1081 (citing Cone Corp. v. Florida Dept. of Transp., 921 F.2d 1190, 1210 (11th Cir. 1991)).

B.   Analysis

Defendant challenges the Amended Complaint for both lack of specificity under Rule 12(b)(6) and for lack of standing under Article III. The Court first addresses the question of standing because it is a jurisdictional question, and jurisdiction must be established before the Court may consider the merits of a case. See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).") (internal quotations omitted).

Defendant argues that Plaintiff lacks standing to bring suit under the ADA because the threat of future injury is not "real and imminent" because Plaintiff has not adequately alleged an intent to return to the Shopping Center.[1] Plaintiff alleges

---

[1] Defendant argues that Plaintiff's litigation history undermines the credibility of his claim that he intends to return to the shopping center. Defendant cites evidence that within the past two years Plaintiff has filed nine ADA lawsuits. Defendant argues that the frequency of Plaintiff's suits, along with purported

5

that he has been to the Bole Ethiopian Restaurant at Defendant's property once. ([7] ¶ 6). Plaintiff does not specifically allege that he visited any other business in the Shopping Center. Instead, he states only that he "has visited the subject shopping center numerous times in the past, and intends to visit the subject facility in the near future," ([7] ¶ 7). Plaintiff admits to living over 1,000 miles from the Shopping Center ([14] at 8), but states in his opposition brief that "[he] has expressed a preference for the types of goods and services offered at the Defendant's property, and desires to return to the property to eat and shop there again." ([7] ¶ 44). The Amended Complaint does not specify any goods or services for which Defendant intends to return to the Shopping Center.

In determining whether a plaintiff's likelihood of returning to a particular establishment is sufficient to confer standing, courts have generally focused on four factors: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the

---

disciplinary actions against his counsel, should discredit Plaintiff's allegations in the Amended Complaint. The Court "must be particularly cautious about [making] credibility determinations that rely on a plaintiff's past ADA litigation." Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc., 975 F. Supp. 2d 1374, 1386-87 (N.D. Ga. 2013). Even assuming that Plaintiff's history of bringing ADA suits is relevant, the Court finds nothing in that history that undermines Plaintiff's credibility.

6

definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near defendant." Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc., 975 F. Supp. 2d 1374, 1385-86 (N.D. Ga. 2013) (quoting Norkunas v. Seahorse NB, LLC, 720 F. Supp. 2d 1313, 1316 (M.D. Fla.2010), aff'd, 444 F. App'x. 412 (11th Cir. 2011)).  The Eleventh Circuit has noted that "these factors are not exclusive and that no single factor is dispositive.  District courts must consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of future injury."  Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1337 n.6 (11th Cir. 2013).

    Here, Plaintiff generally alleges that he has visited the Shopping Center "numerous times in the past."  He alleges ADA violations at a specific restaurant in the shopping center and states that he "intends to visit the subject facility in the near future."  This intention to visit in the future when coupled with allegations that he has visited in the past, and the mention of a specific restaurant where claimed violations exist is insufficient to support that Plaintiff has standing in this action.  Shotz, 256 F.3d at 1081.  The Court, however, elects to allow Plaintiff to file an amended complaint to assert facts sufficient to show the specific locations visited in the past, the specific violations at the specific locations visited, the specific plans Plaintiff has to return to those facilities at which violations are

claimed, and any other facts to support that Plaintiff has standing in this action. See Houston, 733 F.3d at 1336; Gaylor, 975 F. Supp. 2d at 1385-86.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for a More Definite Statement [12] is **GRANTED** and Plaintiff is required to file, on or before January 12, 2018, his second amended complaint in this action. This requirement for a second amended complaint is without prejudice to Defendant's right to file a further motion in response to the amended pleading.

**SO ORDERED** this 5th day of January, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE